**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4449

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOELL TYRONE JOYCE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:08-cr-00025-NKM-1)

Submitted:  October 5, 2012          Decided:  October 25, 2012

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Andrea L. Harris, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Charlottesville, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Jeb T. Terrien, Managing Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joell Tyrone Joyce appeals the district court's judgment imposing a four-month term of imprisonment and a four-year term of supervised release for violating the terms of his supervised release. On appeal, Joyce argues that his revocation sentence is plainly unreasonable because the district court erred in considering statutorily prohibited factors and dismissed violations in fashioning his sentence. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if the sentence is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining whether a revocation sentence is unreasonable, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citations omitted). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is plainly so. Id.

A revocation sentence is procedurally reasonable if the district court has considered the policy statements

2

contained in Chapter Seven of the U.S. Sentencing Guidelines Manual ("USSG") and the applicable 18 U.S.C. §§ 3553(a), 3583(e) (2006) factors. Crudup, 461 F.3d at 439. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Id. at 440. Only if a sentence is found unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is "plainly" unreasonable if it is clearly or obviously unreasonable. Id.

Chapter Seven provides that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A, cmt. 3(b) (2010). Section 3583 requires consideration of a majority of the factors listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e). Among the omitted factors is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Joyce contends that his sentence is plainly unreasonable because the district court improperly considered the need to promote respect for the law, the seriousness of the offense, and the need for just punishment. We conclude that the district court's observations regarding the seriousness of

3

Joyce's offenses and the need to provide just punishment and promote respect for the law were relevant to other required considerations, including "the nature and circumstances of the offense and the history and characteristics of the defendant," adequately deterring criminal conduct, and protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). The district court expressly considered the factors in § 3553(a) that are applicable to revocation sentences. We conclude that in light of the district court's articulation of factors specifically listed in § 3583, consideration of other factors and pending charges in another jurisdiction did not render Joyce's sentence plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4